**In re Christine SETLEY, f/k/a
Christine Miller, Debtor.**

**Bankruptcy No. 3–80–02243.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

May 21, 1981.

---

**16.** Transcript at 62–63, 93.

**17.** Transcript at 62.

William I. Kampf, St. Paul, Minn., Trustee.

James T. Skonnard, Eagan, Minn., for debtor.

## ORDER

JACOB DIM, Bankruptcy Judge.

The above entitled matter came on for hearing before the Honorable Jacob Dim, Bankruptcy Judge, on March 9, 1981 on the objection of the trustee, William I. Kampf to the exemptions claimed by the debtor. The debtor was represented by James Skonnard.

The facts were stipulated by both the debtor and the trustee. The sole issue presented to this Court is the interpretation of Minn.Stat. § 550.37 subd. 12a as applied to those facts.

Based on the stipulated facts, the arguments of counsel and all the papers and records filed herein, the Court makes the following:

## FINDINGS OF FACT

1. The debtor filed a voluntary bankruptcy petition under Chapter 7 on December 22, 1980.

2. The debtor claimed as exempt under Minn.Stat. § 550.37 subd. 12a a 1979 Ford Fiesta automobile.

3. The trustee timely filed his objection to the claimed exemption on February 2, 1981.

4. The fair market value of the automobile is $4,150.00. There exists a valid security interest against the automobile of $3,500.00.

## CONCLUSIONS OF LAW

1. Minn.Stat. § 550.37 subd. 1 states: "The property mentioned in this section is not liable to attachment, garnishment, or sale on any final process issued from any court.

2. Minn.Stat. § 550.37 subd. 12a specifies that the exempt property includes "[o]ne motor vehicle to the extent of a value not exceeding $2,000.00."

3. 11 U.S.C. § 522(b)(2)(A) allows a debtor to exempt property from the bankruptcy estate that is exempt under state law.

4. The trustee argues that Minn.Stat. § 550.37 subd. 12a allows the debtor to exempt only the first $2,000.00 in value under this theory since the security interest exceeds the exemption, the debtor cannot claim the automobile as exempt and the trustee is entitled to the difference between the fair market value of $4,150.00, and the security interest of $3,500.00; a difference of $650.00.

5. The result advocated by the trustee defies the reality of the situation. The debtor's only value in the automobile is her equity. The value of the automobile is only the extent by which the secured interest is exceeded by the fair market value. The debtor has no value in collateral that is secured. That value belongs to the creditor holding the security interest.

6. This Court concludes that Minn.Stat. § 550.37 subd. 12a applies to the equity of the debtor in the automobile and that the Minnesota legislature intended value to mean equity under that section.

## ORDER

Now Therefore, IT IS ORDERED and ADJUDGED that the objection by the trustee to the claimed exemption is denied, and debtor's exemption is allowed.